# United States District Court
for the
# Southern District of New York
## Related Case Statement

---

### Full Caption of Later Filed Case:

United States of America

| Plaintiff | Case Number |
|---|---|
| vs. | 18 Civ. 5213 |
| New York City Housing Authority | |
| Defendant | |

### Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

SHERRON PAIGE, individually and ON BEHALF OF HER MINOR CHILD, K.D.; EVELYN GRAY; TANEEQUA CARRINGTON; and A.P., on their own behalf and on behalf of all others similarly situated,

| Plaintiff | Case Number |
|---|---|
| vs. | 17 Civ. 7481 (WHP) |
| NEW YORK CITY HOUSING AUTHORITY; CITY OF NEW YORK; SHOLA OLATOYE; BILL de BLASIO; MARY TRAVIS BASSETT, M.D.; MARIA TORRES-SPRINGER; MICHAEL KELLY; ALICIA GLENN; BRIAN CLARKE; JAY KRANTZ; LUIS PONCE; HERMINA POLACIO; ATC ASSOCIATES, INC.; and ATC GROUP SERVICES, LLC | |
| Defendant | |

Status of Earlier Filed Case:

☐ Closed   (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision.  Also, state whether there is an appeal pending.)

☑ Open   (If so, set forth procedural status and summarize any court rulings.)

Plaintiffs' complaint, filed 9/29/17 and amended 12/21/17, asserts constitutional, statutory, and common law claims on behalf of a class of New York City Housing Authority (NYCHA) residents, against defendants NYCHA and New York City, certain of their officers and employees, and certain other entities, for failure to comply with certain federal, state, and local lead paint safety regulations.  On 4/30/18, defendants filed motions to dismiss the Second Amended Complaint.  On 5/30/18, plaintiffs filed oppositions to the motions to dismiss.  On 6/8/18, defendants filed replies.  Those motions have not been resolved.

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

The complaint filed by the Government today alleges NYCHA's non-compliance with numerous federal lead paint safety regulations, including some relied upon by the Paige plaintiffs, over a similar time period.  Accordingly, there is substantial factual overlap between the allegations at issue in the Paige case and the lead paint-related allegations in the Government's complaint.  The two cases also have the same principal defendant (NYCHA) and cover the same properties.

Additionally, the Government is submitting a proposed consent decree resolving its complaint today.  The relief provided in that proposed consent decree includes both short term and long term relief related to NYCHA's compliance with lead paint safety regulations, including the appointment of a monitor to oversee NYCHA's compliance with lead paint safety rules. Because NYCHA will be subject to obligations with respect to lead paint in both the newly filed case and (if plaintiffs are successful) in the Paige case, judicial efficiency warrants treating the cases as related to avoid conflicting orders and substantial duplication of effort and expense, delay, and undue burden on the Court and parties.

Signature: /s/Robert William Yalen     Date: 6/11/18

Firm: US Attorney's Office - SDNY