UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | 18cv5213 |
| -against- : | |
| : | MEMORANDUM & ORDER |
| NEW YORK CITY HOUSING : | |
| AUTHORITY, : | |
| : | |
| Defendant. : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM H. PAULEY III, Senior United States District Judge:

On December 14, 2018, the parties filed a Joint Status Report describing their ongoing efforts to resolve this action and seeking a 45-day stay to continue their discussions. (See ECF No. 67.) The parties' request to file another joint status report on January 31, 2019 detailing their respective positions on how to proceed is granted.

However, because there appears to be some confusion, the status report should focus on how the parties intend to proceed with this lawsuit,[1] especially now that the U.S. Department of Housing and Urban Development ("HUD") is reportedly engaged in discussions with NYCHA. (See Letter dated Dec. 14, 2018 from Secretary Benjamin S. Carson, Sr., M.D. to Stanley Brezenoff, ECF No. 70.) In its November 14, 2018 Opinion & Order, this Court catalogued the broad remedies available to HUD in fulfilling its responsibility to remedy a public housing agency's deficient performance. See United States v. N.Y.C. Hous. Auth., --- F. Supp. 3d ---, 2018 WL 5985379, at *16-18 (S.D.N.Y. 2018). Importantly, most of those remedies do

---

[1] This Court has expressed skepticism about whether a civil claim brought by a government enforcement agency under 42 U.S.C. § 1437d(j) is cognizable. See United States v. N.Y.C. Hous. Auth., --- F. Supp. 3d ---, 2018 WL 5985379, at *9 (S.D.N.Y. 2018).

not require judicial approval.  And even where Section 6(j) of the U.S. Housing Act contemplates the involvement of the courts, it does not bestow a roving commission to reform public housing agencies as they see fit.  Instead, if the HUD Secretary petitions for appointment of a receiver, the statute requires a court to appoint one upon a determination that a substantial default has occurred.  Thus, the statutory scheme does not require this Court (or the United States Attorney's Office) to approve whatever remedial plan HUD and NYCHA may devise.

At bottom, the United States of America filed a civil action in federal court alleging serious violations of federal law against NYCHA.  Federal courts are courts of limited jurisdiction, whose powers are "circumscribed at their most basic level by the terms of Article III['s]" case or controversy requirement.  Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of Watervliet, 260 F.3d 114, 118 (2d Cir. 2001) (citing U.S. Const. art. III, § 2, cl. 1).  Though the public interests at stake are of paramount importance, a federal court that is neither democratically accountable nor an advocate for either side may only "adjudicate specific controversies between adverse litigants over which and over whom they have jurisdiction."  Cty. Court of Ulster Cty. v. Allen, 442 U.S. 140, 154 (1979).  Accordingly, the parties should be prepared to advise this Court how they intend to litigate this case.

Dated: January 18, 2019
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.