# WILMERHALE

May 3, 2019

**VIA ECF**

**Debo P. Adegbile**

+1 212 295 6717 (t)
+1 212 230 8888 (f)
debo.adegbile@wilmerhale.com

The Honorable William H. Pauley III
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY  10007-1312

    Re:    *United States v. New York City Housing Authority*,
               No. 18-cv-5213 (WHP)

Dear Judge Pauley:

In its November 14, 2018 order disapproving the proposed consent decree (Dkt. 64), the Court ordered NYCHA to provide a status report to the Court regarding its progress in complying with Paragraphs 66-70 of the consent decree, which concern lead-based paint requirements.  I write to inform the Court of an inadvertent error in the status report filed with the Court on December 14, 2018.  Dkt. 67.

The error concerns paragraph 70 of the consent decree, which states:

> *Prioritization*—In responding to reports of deteriorated paint, NYCHA shall prioritize the elimination of lead paint hazards in apartments in which children under six or pregnant women reside and common areas frequented by children under six.

The status report explained that NYCHA already prioritizes remediation of units and common areas associated with a child with an elevated blood lead-level, and has been generally prioritizing remediation for units with children under six following annual visual assessments.  As an additional piece of information for the Court's consideration, the status report also stated that NYCHA had identified deficiencies in 2,862 in units with a child under six requiring remediation of presumed lead paint hazards.  NYCHA calculated this figure by determining which units from its 2018 visual assessment round had a child under six and identified deficiencies.  To avoid duplication, however, NYCHA excluded from its 2018 visual assessment round certain units that were visually assessed in order to comply with an injunction entered by Justice Edmead in New York State Supreme Court.  *Citywide Council of Presidents v. N.Y. City Hous. Auth.*, No. 100283/18 NYSCECF No. 112 (N.Y. Sup. Ct. Apr. 23, 2018) (order granting preliminary injunction).  This was the source of the error.  Accounting for these units inspected for the CCOP litigation, NYCHA should have reported that as of December 11, 2018, it had identified 3,896 units with children under six and identified deficiencies.

May 3, 2019
Page 2

WilmerHale

The inadvertent exclusion of the set of CCOP visual inspected units did not bear on NYCHA's compliance with Paragraph 70, which required NYCHA to prioritize remediation of certain units.

Respectfully submitted,


By: /s/ Debo P. Adegbile
Debo P. Adegbile

cc: All Counsel of Record (via ECF)